# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PAUL SHEARD, PAUL MOORE, JAMES CLARK, LORETTA DAVIDSON, JOHN DAVIDSON, JOHN MORAN, and RICHARD CAMPBELL, <br><br> Individually and on behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> LOCKHEED MARTIN ENERGY SYSTEMS, INC. <br><br> WACKENHUT SERVICES INC. and WACKENHUT CORPORATION, <br><br> Defendants. <br><br> and <br><br> MABREY DUFF, ANDREA TURNER, HARVEY STEVENS, JAMES ANDREWS, JOHNNY FRANK LINSON, and PATRICIA REECE, <br><br> Plaintiffs, <br><br> vs. <br><br> LOCKHEED MARTIN ENERGY SYTEMS, INC. and BWXT Y-12, L.L.C., <br><br> Defendants. <br><br> and | CIVIL ACTION NO. 3:01-CV-660 <br> PHILLIPS <br><br><br> JURY TRIAL DEMANDED <br> CLASS ACTION <br><br><br><br><br><br> JURY TRIAL DEMANDED |

1

| | |
|---|---|
| WILLIAM EUGENE MILLER, | ) |
| DOYLE MYNATT, FAYE BREWER, | ) |
| and HARVEY TURMAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| LOCKHEED MARTIN ENERGY SYSTEMS, | ) |
| INC., | ) |
| Systems, Inc., | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

Plaintiffs, Paul Sheard, Paul Moore, James Clark, Loretta Davidson, John Davidson, John Moran, Richard Campbell, Mabrey Duff, Andrea Turner, Harvey Stevens, James Andrews, Johnny Frank Linson, Patricia Reece, William Eugene Miller, Doyle Mynatt, Faye Brewer and Harvey Turman (hereinafter referred to collectively as "Plaintiffs'), and Defendants, Lockheed Martin Energy Systems, Inc., Wackenhut Services, Inc., Wackenhut Corporation and BWXT Y-12, L.L.C. (hereinafter referred to collective as "Defendants"), request the Court to enter a Protective Order with respect to certain documents and information to be provided to Plaintiffs pursuant to discovery under the Federal Rules of Civil Procedure.

In particular, Defendants seek to protect documents and data bases containing confidential personnel information and records regarding the Plaintiffs and persons who are not parties to this action, including, but not limited to, performance evaluations, disciplinary records, written warnings, salary records, layoff comparison forms, layoff lists, documents utilized in the RIF decisionmaking process, and similar confidential personnel records. Defendants regard this information as confidential and its disclosure outside of this litigation would be an unwarranted interference with the privacy of employees and former employees of the Defendants. Moreover, Defendants believe disclosure of rankings in layoff comparison forms and confidential salary information on persons not parties to this action could cause significant harm to Defendants' businesses and operations. Plaintiffs regard personal medical, psychological, tax, financial, and family information as confidential, the disclosure of which would be an unwarranted interference with the privacy of the Plaintiffs and putative class members and their families. Pursuant to these requests, F. R. Civ. P. 26(c) and in accordance with the agreement of the Plaintiffs and Defendants,

**IT IS HEREBY ORDERED** that:

A. **NON-DISCLOSURE OF CONFIDENTIAL INFORMATION.** Except with the prior written consent of the party or other person originally designating information

3

as confidential, or as hereinafter provided under this Agreed Protective Order, no Confidential Information may be disclosed to any person.

1. For purposes of this Agreed Protective Order, the term "Confidential Information" means any information, whether it is a document, information contained in a document, information contained in a data base or information revealed in response to subpoena which is designated as "Confidential" to signify that it contains information which is subject to protection under Fed. R. Civ. P. 26(c). Any document so qualifying shall bear the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. For purposes of this Agreed Protective Order, the term "document" means any tangible thing on which information is stored, recorded, or depicted, whether produced or created by a party or another person, whether produced pursuant to a request for production, subpoena, by agreement or otherwise. It includes, but is not limited to writings, drawings, accounts, graphs, charts, photographs, phonograph recordings, microfilm, computer tapes or disks, CD-ROM compilations, magnetic storage tapes or disks, electronic audiotape or videotape recordings, and other data compilations. It includes all drafts and variations thereof, and all nonidentical copies of each document. Interrogatory answers,

4

responses to requests for admissions, deposition transcripts and exhibits, pleadings, affidavits and briefs that quote, summarize or contain materials entitled to protection may be accorded status as Confidential Information but, to the extent feasible, shall be prepared in such a manner that the confidential documents or portions of such documents are bound separately from those documents or portions of documents that are not entitled to protection.

    B.    **PERMISSIBLE DISCLOSURES.** Notwithstanding Paragraph A above, Confidential Information may be disclosed to:

    (i)    the parties, putative class members and counsel for the parties in this action who are actively engaged in the conduct of this litigation;

    (ii)    to the partners, associates, secretaries, paralegal assistants, law clerks and interns and employees of such attorneys to the extent reasonably necessary to render professional services in the litigation;

    (iii)    to court officials involved in this litigation (including court reporters and personnel operating video recording equipment at depositions). Such Confidential Information also may be disclosed:

    (iv)    to persons who may be called as witnesses at trial to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation, to the extent reasonably necessary to render

5

such assistance; to employees of parties directly involved in litigation, pretrial preparation, or litigation support in this consolidated action; and to employees of third-party contractors (e.g., photocopiers) performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has agreed to be bound by this Protective Order; and

    (v)  to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

  Prior to disclosing any Confidential Information to any person, counsel for the party disclosing the information shall require, before disclosure, that each person who is to receive the information read this Agreed Protective Order and confirm their understanding of its terms and that such person agrees to be bound by its terms. Before disclosing Confidential Information to any person listed in subparagraph (iv), that person shall sign a consent (Exhibit A) to be bound by the terms of this Agreed Protective Order.

  All persons receiving Confidential Information pursuant to this Agreed Protective Order are enjoined from disclosing same to any other person, except in conformance with this Agreed Protective Order, or upon written consent of the party that designated the information as confidential. This Agreed Protective Order is enforceable by

6

Case 3:06-cv-00046 Document 24 Filed 03/20/06 Page 6 of 14 PageID #: 18

the contempt powers of the United States District Court and any other applicable or appropriate sanction imposed in the discretion of the Court.

    C. **DECLASSIFICATION.** A party may apply to the Court for a ruling that Confidential Information is not entitled to such status and protection. The party or other person who designated the Confidential Information as confidential shall be given notice of the application and an opportunity to respond within seven days. The burden to prove the information confidential shall be upon the party seeking protection.

    D. **CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

    1. A witness may be shown and examined about Confidential Information if the witness already knows the Confidential Information contained therein or if the provisions of Section B are complied with. A witness who is not a party or a representative of a party shall be furnished a copy of this Agreed Protective Order before being examined about potentially Confidential Information.

    2. Parties and witnesses may, within fifteen (15) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Such designation

7

shall be sent via facsimile and first class mail to counsel for all parties of record, no later than the last day of the fifteen day designation period. If large portions of the transcript are designated, the designating party may notify all counsel of record via facsimile of the pages and paragraphs that have been designated rather than sending via facsimile the entire underlined designation. However, in the event that the underlined designation is not sent via facsimile, it must also be sent via first class mail or federal express. Until expiration of the fifteen (15) day period, the entire deposition will be treated as subject to protection against disclosure under this Agreed Protective Order. If no party or witness timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be treated as Confidential Information subject to this order.

E. **SUBPOENA BY OTHER COURTS OR AGENCIES.** If another court or administrative agency subpoenas or orders production of Confidential Information which a party has obtained under the terms of this Agreed Protective Order, or if a party receives notice of a motion, or other request filed in another court or proceeding seeking disclosure of Confidential Information, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such motion, request, subpoena or order, and shall notify the Court, agency or person subpoenaing the information of this

8

Agreed Protective Order. The party shall not voluntarily agree to entry of an order requiring production of Confidential Information, and shall not impair the right or opportunity of the party or another person who designated such information as confidential to resist discovery or production of the Confidential Information.

F. **FILING.** Confidential Information shall not be filed with the Clerk except when necessary in connection with motions, or when necessary in connection with other matters pending before the Court. If filing is necessary, the filing shall be in accordance with the terms of Local Rule 26.2.

G. **CLIENT CONSULTATION.** Nothing in this Agreed Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information.

H. **RESTRICTED COPYING.** In the event a document containing Confidential Information is so sensitive that its copying should be limited, counsel agree to confer about the handling of any such document. This may include any discoverable documents pertaining to national security. Such designation shall not be proposed unreasonably or without good cause. In the event counsel cannot agree on the handling of any such document, any affected party shall have ten (10) days in which to apply to the Court

for relief. A party may seek declassification of any special handling requirements of such document or documents pursuant to Paragraph C of this Order.

I.  **USE.** Persons obtaining access to Confidential Information under this Agreed Protective Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

J.  **NON-TERMINATION.** The provisions of this Agreed Protective Order shall not terminate at the conclusion of this action. Within ninety (90) days after final conclusion of all aspects of this litigation, Confidential Information and all copies of documents containing same (other than exhibits of record) shall be returned to the party or person who produced such information or documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred twenty (120) days after final termination of this litigation.

K.  **MODIFICATION PERMITTED.** Nothing in this Agreed Protective Order shall prevent any party or other person from seeking modification of this Agreed Protective Order or from objecting to discovery that it believes to be otherwise improper.

L. **RESPONSIBILITY OF ATTORNEYS.** The attorneys of record are responsible for employing reasonable measures, consistent with this Agreed Protective Order, to control duplication of, access to, and distribution of Confidential Information. Parties shall not duplicate any Confidential Information except working copies and for filing in Court under seal pursuant to Paragraph F.

M. **INADVERTENT PRODUCTION.** The inadvertent or unintentional production of Confidential Information without being stamped as provided in Section A.1 hereof at the time of production or disclosure shall not be deemed waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific document produced or as to any other document relating thereto or on the same related subject matter. The provisions of this Agreed Protective Order only apply to documents and information designated as Confidential herein. Disclosure of documents and information not so designated is not sanctionable under the terms of this Agreed Protective Order.

N. **NONDISCLOSURE OF EXISTENCE OF DOCUMENTS.** The parties, their counsel and experts, and any other person retained by the parties to assist in the preparation of this action, or any other person receiving Confidential Information, shall not sell, offer for sale, advertise, or publicize either the contents of Confidential Information or the fact that the party or other person has obtained Confidential Information.

11

ENTER:

_Thomas H. Phillips_
United States District Judge

AGREED:

Timothy B. Fleming, Esq. (DC Bar # 351114)
Lori B. Kisch, Esq.(MD Fed. Bar # 25781)
Charles Dixon, Esq. (MD Fed. Bar #15104)
GORDON, SILBERMAN, WIGGINS
 & CHILDS, P.C.
7 Dupont Circle, N.W.
Suite 200
Washington, DC 20036

J. D. Lee, Esq. (BPR # 2030)
Lee, Lee & Lee
602 S. Gay Street, Suite 905
Knoxville, Tennessee 37902

By: _Lori B. Kisch by JBR with permission_
*Attorneys for Plaintiffs*

John B. Rayson, Esq. (BPR # 001950)
E. H. Rayson, Esq. (BPR # 001948)
John E. Winters, Esq. (BPR # 16345)
KRAMER, RAYSON, LEAKE,
RODGERS & MORGAN, L.L.P.
Suite 2500, First Tennessee Plaza
P.O. Box 629
Knoxville, TN 37901-0629

By: _John B. Rayson_
*Attorneys for Lockheed Martin Energy Systems, Inc. and Wackenhut Services, Inc. and Wackenhut Corporation*

12

Kenneth M. Brown, Esq. (BPR # 015954)
Attorney – Employment Law and
    Litigation
BWXT Y-12, L.L.C.
P.O. Box 2009
Oak Ridge, TN 37831-8014

W. Ray Persons, Esq.
(GA State Bar # 573525)
King & Spalding
191 Peachtree St.
Atlanta, GA 30303-1763

By: *Kenneth M. Brown by WRP with permission*
*Attorneys for BWXT Y-12, L.L.C.*

# EXHIBIT A

## AGREEMENT CONCERNING DOCUMENTS SUBJECT TO PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order, entered by the United States District Court for the Eastern District of Tennessee, Knoxville Division, in the action entitled <u>Paul Sheard, et al. v. Lockheed Martin Energy Systems, Inc., et al.</u>, No. 3:01-cv-660, understands the terms thereof and agrees to be bound by such terms if he or she were signatory thereto.

DATE:

_____
Signature

_____

_____

_____
Business Address

_____
Designating Counsel

14